# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MOBILE TECH, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 21-cv-6068 |
| | ) |
| v. | ) JURY DEMAND |
| | ) |
| SENNCO SOLUTIONS, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Mobile Tech, Inc. ("MTI" or "Plaintiff") alleges for its complaint against Sennco Solutions, Inc. ("Sennco" or "Defendant") as follows:

## THE PARTIES

1. Plaintiff Mobile Tech, Inc. is a corporation organized pursuant to the laws of Indiana with its principal place of business at 1050 SE 67th Avenue in Hillsboro, Oregon. MTI is an innovator and industry leader in security solutions for retail sale of consumer electronic devices, such as smartphones and tablets. MTI's inventions and innovations are the subject of many granted U.S. Patents and additional pending patent applications.

2. Defendant Sennco Solutions, Inc. is a corporation organized pursuant to the laws of Illinois with its principal place of business at 14407 Coil Plus Drive in Plainfield, Illinois.

## JURISDICTION AND VENUE

3. This action arises out of the patent laws of the United States, 35 U.S.C. § 1 et seq. and is based upon Defendant's knowing and willful direct and indirect infringement of a United

States Patent issued to and owned by MTI, U.S. Patent No. 10,517,056 ("the '056 Patent").

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction is proper in the State of Illinois over Sennco because Sennco is a corporation organized and existing under the laws of the State of Illinois that maintains its principal place of business in Illinois and is subject to general personal jurisdiction in the State of Illinois. In addition, Sennco has committed acts of infringement in and directed into this district and the States of Illinois.

5. Venue is proper pursuant to 28 U.S.C. § 1400(b) because this district is both the district where Sennco resides and is a district where Sennco has committed acts of infringement and has a regular and established place of business. Sennco is organized under the laws of Illinois and has its principal place of business in Plainfield, Illinois.

## BACKGROUND

6. On December 24, 2019, the U.S. Patent and Trademark Office duly and lawfully issued the '056 Patent, entitled "ELECTRONICALLY CONNECTED ENVIRONMENT," a copy of which is attached as **Exhibit 1**. The '056 Patent issued from U.S. Patent Application No. 15/367,028, and claims priority to U.S. Provisional Patent Application No. 62/262,843, filed in 2015. Plaintiff MTI is the assignee and sole owner of the '056 Patent.

## CLAIM FOR RELIEF

### Patent Infringement

7. Plaintiff incorporates paragraphs 1 through 6 as though fully set

8. Sennco makes, uses, sells, offers for sale, and imports accused products including Sennco's "Genesis" retail security product, alone and in combination with Sennco's "BricTECH" software (collectively the "Accused Products"), that directly infringe one or more

2

claims of the '056 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents. The infringed claims of the '056 Patent include at least independent claims 1 and 37, as well as other claims that depend from claims 1 and 37.

9. Sennco's Accused Products include, literally or under the doctrine of equivalents, all elements of at least exemplary independent claim 37 of the '056 Patent, including as set out below:

a. Sennco's Accused Products are a system that includes a plurality of nodes connectable to a network including a wireless network, with each node having a digital identity within the network.

b. The nodes in Sennco's Accused Products include a plurality of post positions, each post position for displaying a product at a physical slotting position in a product display area, wherein each post position is configured to (1) receive a product identifier for the displayed product and (2) communicate data for dissemination via the network, wherein the communicated data links the product identifier for the displayed product with the digital identity for the post position.

c. The nodes in Sennco's Accused Products also include an aggregator that includes a wireless interface, and the aggregator is configures to collect the communicated data from the post positions via the network.

d. The nodes in Sennco's Accused Products include a computer system.

e. The aggregator in Sennco's Accused Products is configured to wirelessly communicate the collected data to the computer system via the wireless interface and the wireless network.

  f. The computer system of Sennco's Accused Products is configured to generate view data from (1) the collected data and (2) data that links the post position digital identities to their physical slotting positions such that the view data tracks which products are located at which physical slotting positions via linkages among the product identifiers, post position digital identities, and physical slotting positions within the view data.

10. Sennco's use of its Accused Products constitutes direct infringement of the method claims of the '056 Patent pursuant to 35 U.S.C. § 271(a), because such use involves practicing, literally or under the doctrine of equivalents, all method steps of the method claimed in at least exemplary independent claim 1 including as set out below:

  a. Use of Sennco's Accused Products constitutes practicing a method for operation within a network that comprises a plurality of nodes, the network including a wireless network, each node having a digital identity that identifies the node within the network, and wherein the nodes comprise (1) a plurality of post positions, (2) an aggregator, and (3) a computer system, wherein the aggregator includes a wireless interface.

  b. Use of Sennco's Accused products includes the step of displaying a product via one of the post positions at a physical slotting position in a product display area.

  c. Use of Sennco's Accused products includes the step of the post position with the displayed product receiving a product identifier for the displayed product.

  d. Use of Sennco's Accused products includes the step of the post position with the displayed product communicating data for dissemination via the network, wherein

      the communicated data links the product identifier for the displayed product with the digital identity for the post position that displays the displayed product.

    e. Use of Sennco's Accused products includes the step of repeating the displaying, receiving, and communicating steps for a plurality of the post positions.

    f. Use of Sennco's Accused products includes the step of the aggregator collecting the communicated data from the post positions via the network .

    g. Use of Sennco's Accused products includes the step of the aggregator wirelessly communicating the collected data to the computer system via the wireless interface and the wireless network.

    h. Use of Sennco's Accused products includes the step of the computer system generating view data from (1) the collected data and (2) data that links the post position digital identities to their physical slotting positions such that the view data tracks which products are located at which physical slotting positions via linkages among the product identifiers, post position digital identities, and physical slotting positions within the view data.

    11. On or about October 15, 2021, MTI notified Sennco in writing that Sennco's Accused Products infringe at least independent claims 1 and 37, as well as various dependent claims, of the '056 Patent and provided Sennco with a copy of the '056 Patent. A copy of MTI's October 15, 2021 letter providing this notice is attached as **Exhibit 2**. Sennco's ongoing infringement of the '056 Patent has continued since that time, and therefore has been knowing, intentional, and willful, with full knowledge of the '056 Patent and MTI's rights in the '056 Patent. On information and belief Sennco also knew of the '056 Patent prior to October 15, 2021 and was willfully infringing the '056 Patent prior to that date.

12. In addition to Sennco's acts of direct infringement, Sennco's customers' use of Sennco's Accused Products constitutes direct infringement, literally or under the doctrine of equivalents, of at least independent claims 1 and 37 of the '056 Patent, as well as various claims that depend from those independent claims.

13. Sennco has induced and continues to induce its customers' infringement of the '056 Patent pursuant to 35 U.S.C. § 271(b), including by instructing customers and users to operate Sennco's Accused Products in a manner that infringes MTI's '056 Patent, with knowledge of MTI's '056 Patent and the Accused Products' infringement of the '056 Patent.

14. Sennco's sales, offers to sell, and importation of the Accused Products also constitute contributory infringement of the '056 Patent pursuant to 35 U.S.C. § 271(c). Sennco's Accused Products constitute a material part of the invention of the claims of the '056 Patent and are made or especially adapted to infringe the '056 Patent. Sennco's Accused Products are not a staple article or commodity of commerce and are not suitable for substantial non-infringing use. Sennco has sold, offered to sell, and/or imported the Accused Products with knowledge of the '056 Patent and knowing that the Accused Products are made or especially adapted to infringe the '056 Patent.

15. At no time has Sennco had any express or implied authorization, license, or permission to practice MTI's '056 Patent.

16. Sennco's infringement of the '056 Patent has caused, and unless restrained and enjoined will continue to cause, irreparable harm to MTI that cannot be adequately quantified or compensated by money damages alone and for which there is no adequate remedy at law. MTI is entitled to preliminary and permanent injunctive relief preventing Sennco and those acting in active concert with Sennco from continuing to engage in patent infringement.

17. As a direct and proximate result of Sennco's infringement, MTI has suffered lost sales and incurred financial loss, and is entitled to recover its actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

18. Sennco's conduct as alleged herein constitutes an exceptional case pursuant to 35 U.S.C. § 285, entitling MTI to enhanced damages and an award of its attorney fees and costs incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court issue an injunction against Sennco, its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them (the "enjoined parties") as follows:

   a. Restraining and enjoining, preliminarily and permanently, any direct, indirect or joint infringement of the '056 Patent; and

   b. Requiring Sennco to give written notice of the injunction to all enjoined parties.

2. That Sennco be ordered to compensate MTI for Sennco's patent infringement, including actual damages no less than a reasonable royalty.

3. That the Court hold that Sennco has willfully infringed the '056 Patent and award enhanced damages up to and including trebling the awarded actual damages, as provided by governing law.

4. That the Court declare that this case is an exceptional case.

5. That Sennco be ordered to pay MTI's attorney fees and costs as provided by governing law.

6. That MTI be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

DATED: November 12, 2021.

Respectfully submitted,

By: /s/ Marc S. Cooperman
    Marc S. Cooperman
     (IL Bar No. 6201035)
     *mcooperman@bannerwitcoff.com*
    Kimberly S. Devine
     (IL Bar No. 6323813)
     *kdevine@bannerwitcoff.com*
BANNER & WITCOFF, LTD.
71 S. Wacker Drive, Suite 3600
Chicago, IL 60606
Tel.: (312) 463.5000
Fax: (312) 463.5001

*Of counsel*:
    Steven T. Lovett (*pro hac vice motion forthcoming*)
    *steve.lovett@stoel.com*
    Nathan C. Brunette (*pro hac vice motion forthcoming*)
    *nathan.brunette@stoel.com*
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Tel.: (503) 224.3380
Fax: (503) 220.2480

**Attorneys for Defendant Mobile Tech, Inc.**